**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACK BUCKHORN; et al., | No.   19-15342 |
| Plaintiffs-Appellees, | D.C. No. 3:15-cv-04352-TSH |
| v. | |
| MARLON EUGENE HETTINGER, DBA Hettinger Electric, individually, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Thomas S. Hixson, Magistrate Judge, Presiding

Submitted March 27, 2020[**]
San Francisco, California

Before:  GOULD and CHRISTEN, Circuit Judges, and LASNIK,[***] District Judge.

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]        The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

Appellant Marlon Eugene Hettinger, individually and doing business as Hettinger Electric (Hettinger), appeals the district court's order granting summary judgment and attorneys fees to Plaintiffs-Appellees (Plaintiffs). Plaintiffs-Appellees are Jack Buckhorn and Anisa M. Thomsen, trustees of the Redwood Empire Electrical Workers Health and Welfare Trust Fund and other named trust funds (Trustees), and Fregoso Builders, Inc. (Fregoso). We review de novo the district court's decision to grant summary judgment. *See, e.g.*, *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2017). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand. Because the parties are familiar with the facts, we recite only those necessary to resolve the issues on appeal.

Hettinger contends that the district court erred by granting Plaintiffs' motion for summary judgment because Plaintiffs did not allege the state law breach of contract claim in the pleadings. We agree.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, federal

2

notice pleading standards do not relieve Plaintiffs of the basic obligation to articulate a cause of action. Plaintiffs' amended complaints[1] refer to Fregoso's assignment of its "rights" to pursue recovery against Hettinger, but nowhere describe the nature of these rights or articulate the legal theory for the assigned claim—breach of the subcontract between Fregoso and Hettinger. Nor does the Settlement Agreement attached to the first amended complaint state the nature of the assigned claim. Moreover, the pleadings do not assert the additional jurisdictional support needed for the assigned claim, which arises under state law. *See* Fed. R. Civ. P. 8(a)(1) (requiring "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support"). Significantly, before the case was reassigned to the magistrate judge at the summary judgment stage, the district court judge dismissed Hettinger's pro se counterclaim precisely because Hettinger did not clearly articulate the legal basis for his claims.

It is impermissible to add a new claim at the summary judgment stage. *See Echlin v. PeaceHealth*, 887 F.3d 967, 977–78 (9th Cir. 2018). Because Plaintiffs

---

[1] The magistrate judge considered both Plaintiffs' first and second amended complaints in addressing the motion for summary judgment, but it is unclear from our review of the docket whether the second amended complaint was ever accepted for filing by the court. Whether the first or second complaint was operative changes neither our analysis nor the outcome here.

articulated the state law breach of contract claim for the first time at the summary judgment stage rather than seeking to amend the pleadings, the district court erred in granting Plaintiffs' motion for summary judgment.

Because we conclude that Plaintiffs did not plead the state law breach of contract claim, we do not reach Hettinger's contentions that the district court erred in exercising supplemental jurisdiction over the claim and in determining there was no genuine dispute as to any material fact remaining with regard to the claim.

We reverse the grant of summary judgment to Trustees and Fregoso, vacate the award of attorneys fees, and remand to the district court for proceedings consistent with this decision. If the district court grants Plaintiffs leave to amend the pleadings, Hettinger must be provided an opportunity to respond. *See* Fed. R. Civ. P. 15(a).

**REVERSED and REMANDED.**